## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

|  |  |  |
|---|---|---|
| JOHN WILEY & SONS, INC., | : | Case No. |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **COMPLAINT** |
| -against- | : |  |
|  | : | **DEMAND FOR A JURY TRIAL** |
| CHEGG, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------------------------------X

Plaintiff John Wiley & Sons, Inc. ("Plaintiff" or "Wiley") for its complaint against

Defendant Chegg, Inc. ("Chegg" or "Defendant") alleges as follows:

## NATURE OF THE CASE

1.      Wiley brings this action in order to stop Chegg from infringing Wiley's

copyrights and trademarks through Chegg's sales of counterfeit copies of Wiley's copyrighted

works.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to

28 U.S.C. § 1331, based on federal question jurisdiction, and 28 U.S.C. § 1367, based on the

Court's supplemental jurisdiction.

3.      This is an action arising under the Lanham Act § 32, 15 U.S.C. § 1114 and the

Copyright Act, 17 U.S.C. §§ 101 et al.

4.      Venue is proper in this district under 28 U.S.C. § 1391.  Personal jurisdiction in

this district is proper because Chegg, without the consent or permission of Wiley, distributed and

offered to distribute through and into this district unauthorized copies of Wiley's copyrighted

works bearing Wiley's trademarks, for which Wiley has the exclusive rights. Chegg has also harmed Wiley in this district. Finally, Chegg has entered into commercial agreements both with Wiley and with others in which they agree to subject themselves to jurisdiction in New York.

## PARTIES

5.     Plaintiff John Wiley & Sons, Inc. is a New York corporation with its principal place of business located at 111 River Street, Hoboken, New Jersey.

6.     Defendant Chegg, Inc. is a Delaware corporation with its principal place of business located at 3990 Freedom Circle, Santa Clara, California.

## GENERAL ALLEGATIONS

7.     Wiley is a 211-year-old publisher whose publications include physical and digital textbooks, as well as online publications. Wiley's textbooks are widely available in the marketplace for sale and rental, including from Wiley as well as physical and online bookstores.

8.     Wiley invests heavily in publishing its textbooks. Each year it spends sums on content creation or licensing; author royalties; copyediting and proofreading; typesetting, layout, printing, binding, distribution, and promotion; and editorial support.

9.     The revenue from Wiley's sales, licenses, and rentals of its textbooks represents a substantial portion of Wiley's respective annual revenues and is therefore critical to Wiley's financial health.

10.     When Wiley's textbooks are unlawfully copied, sold, and/or distributed, Wiley suffers a substantial decline in revenue from sales, licenses, or rentals of Wiley's textbooks. This could lead to Wiley ceasing publication of one or more infringed textbooks and could also adversely impact Wiley's creation of new textbooks. In turn, Wiley's ability to support scholarly endeavors and scientific progress through its publishing activities is adversely impacted.

2

## WILEY'S COPYRIGHTS AND TRADEMARKS

11.     Wiley is the copyright owner of the textbook Organic Chemistry As a Second Language, Fourth Edition (ISBN 978-1-119-11066-8), authored by David Klein (hereinafter "Klein").  Wiley has duly registered its copyright in the work with the U.S. Copyright Office and was assigned Registration Number TX-8-292-799 on June 13, 2016.

12.     The Klein work bears a Wiley trademark (hereinafter the "Mark"), which was duly registered by Wiley or its affiliates on the Principal Register of the United States Patent and Trademark Office (hereafter "USPTO") on February 4, 1975.  The registration for the Mark was renewed for the third time on February 12, 2015 and is currently listed as a "live" registration on the USPTO's Trademark Electronic Search System (TESS) website.  Wiley owns the Mark. Wiley's Mark is distinctive and arbitrary and in some cases is now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Wiley invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with the Mark.

## DEFENDANT'S BUSINESS

13.     Upon information and belief, Chegg rents and sells new and used textbooks online, both as a retailer to students and other individual purchasers, and as a wholesaler to other distributors and resellers.

14.     Upon information and belief, Chegg from time to time evades purchasing textbooks from legitimate sources.  Instead, Chegg purchases textbooks from third parties who are unaffiliated with publishers and other legitimate sources.

15.     Chegg has never purchased copies of the Klein textbook from Wiley.  Instead, on information and belief, in more than one instance, Chegg chose to purchase counterfeit copies of

Klein because Chegg paid materially less than it would have paid had Chegg purchased Klein

from Wiley.  Indeed, on its website, Chegg advertises that it sells textbooks at a discount of up to

90%.

16.     Chegg, in its fiscal year ending December 31, 2017, 10-K filing ("2017 10-K"),

acknowledged that it routinely purchases used textbooks from sources who may deal in

counterfeit works.  Chegg has opined that those purchases could result in litigation.

17.     Despite recognizing its risk in purchasing and re-selling textbooks, in its

2017 10-K, Chegg admitted that it has not implemented any measures to decrease the likelihood

that it will re-sell counterfeit textbooks.

18.     Accordingly, at the time that Chegg purchased and subsequently distributed the

counterfeit copies of Klein, Chegg knew or should have known that these copies of Klein were

infringing copies.

19.     Upon information and belief, Chegg distributed the infringing copies of Klein and

other Wiley textbooks to individual purchasers and to a number of wholesalers.

20.     Upon information and belief, Chegg has sold these counterfeit copies of Klein

online and through business to business channels to purchasers residing in this district and

throughout the United States.

21.     The sale, re-selling, and distribution of the counterfeit copies of Klein and other

Wiley textbooks also infringe Wiley's Mark.

22.     Upon information and belief, Chegg sold these counterfeit copies of Klein and

other Wiley textbooks with the intent to trade off the goodwill Wiley has earned and to confuse

the public into believing that the products Chegg sells originate from Wiley.

23.     The counterfeit copies of Klein are not Wiley's works and are inferior.  The binding, glue, paper, color and printing are often a lesser quality and different from Wiley's standard format and presentation.  Based on the use of Wiley's Mark, actual and prospective purchasers nonetheless are likely to believe that the counterfeit copies of Klein are Wiley's authentic publications.  Because the counterfeit copies of Klein are inferior, this weakens, blurs, and tarnishes Wiley's Mark.  It further injures Wiley's business reputation by causing its Mark and the goodwill associated with it to be confused or mistakenly associated with a group or series of substandard textbooks.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.*

24.     Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 23 as though fully set forth herein.

25.     The Klein work constitutes an original work and copyrightable subject matter pursuant to the Copyright Act.  The Klein work has been duly registered by Wiley with the United States Copyright Office and published by Wiley in conformity with the Copyright Act.

26.     At all relevant times, Wiley has been and still is the exclusive owner of all rights, title and interest in and to its copyright in the Klein work which has never been assigned, licensed or otherwise transferred to Chegg.

27.     Beginning on an unknown date and continuing, at least, into September 2016, Chegg, with knowledge of Wiley's duly registered copyright in the Klein work, infringed Wiley's copyright by, among other things, deliberately purchasing, distributing, and reselling the infringing copies of the Klein work for profit, without the permission, license or consent of Wiley.

28.     Upon information and belief, Chegg has continued to distribute infringing copies of Wiley's textbooks, including the Klein work.

29.     As a result of Chegg's unlawful and deliberate conduct as set forth above, Wiley has been, and will continue to be, damaged.

30.     Upon information and belief, Chegg's unlawful conduct, as set forth above, was deliberate, intentional, knowing, reckless, and willful.

31.     Chegg's actions described above have caused and will continue to cause irreparable damage to Wiley, for which Wiley has no remedy at law.  Unless Chegg is restrained by this Court from continuing their infringement of Wiley's copyright, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF

### Infringement of Federally Registered Trademarks Under 15 U.S.C. § 1114

32.     Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 31 as though fully set forth herein.

33.     This claim, arising under Section 32 of the Lanham Act (15 U.S.C. § 1114), is for infringement of the trademark registered to Wiley in the United States Patent and Trademark Office.

34.     Without Wiley's authorization, Chegg is marketing, offering for sale, and selling in commerce the Klein work under Wiley's Mark.

35.     Chegg's aforesaid uses of Wiley's Mark have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Chegg's goods, in that the public, and others, are likely to believe that Chegg's goods are provided by, sponsored by,

approved by, licensed by, affiliated with, or in some other way legitimately connected with Wiley, all to Wiley's irreparable harm.

36.     Upon information and belief, Chegg will continue to use Wiley's Mark unless enjoined.

37.     Chegg, by its above-enumerated acts, has willfully and knowingly violated and infringed Wiley's rights in and to the federally-registered Wiley Mark, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Chegg threatens to further violate and infringe Wiley's rights.

38.     Chegg's aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## JURY DEMAND

Wiley demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

By reason of the facts and circumstances alleged above, Wiley seeks relief from this Court as follows:

A.     Damages and/or restitution according to proof at trial, including statutory and exemplary damages where authorized by statute;

B.     An accounting and disgorgement of Chegg's profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the counterfeit works with documents relating to all of the purchases and sales;

C.     That Chegg be required to pay to Wiley such damages as Wiley has sustained as a consequence of Chegg's unlawful acts as alleged above, including actual damages or statutory damages, at Wiley's election, pursuant to 17 U.S.C. § 504;

D.      An order enjoining Chegg from further infringing upon Wiley's respective copyright, pursuant to 17 U.S.C. § 502;

E.      An order enjoining Chegg from further infringing upon Wiley's respective trademark;

F.      That Chegg be required to pay Wiley such damages as Wiley has sustained as a consequence of Chegg's unlawful acts as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

G.      That Chegg be required to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations or reproductions, including confusingly similar variations, of Wiley's respective copyrights and marks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

H.      An order enjoining Chegg from further infringing upon Wiley's respective trademark pursuant to 15 U.S.C. § 1116;

I.      For prejudgment interest at the applicable rate;

J.      For attorneys' fees costs and costs of suit; and

K.      For such other and further relief the Court deems proper.

Dated: Hoboken, New Jersey
        December 18, 2018

By:  /s/ Joseph J. Barker
        Joseph J. Barker
        John Wiley & Sons, Inc.
        111 River Street
        Hoboken, New Jersey 07030
        Phone:  (201) 748-7862
        Fax:  (201) 748-6500
        jobarker@wiley.com

        *Attorney for Plaintiff John Wiley & Sons, Inc.*

8